ORIGINAL

**BakerHostetler**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/25

MEMO ENDORSED

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 9, 2025

**VIA ECF**

Gregory A. Mersol
Direct dial: 216-861-7935
gmersol@bakerlaw.com

Lauren T. Stuy
Direct dial: 216-861-6090
lstuy@bakerlaw.com

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Justin A. Guilfoyle
direct dial: 212.589.4607
jguilfoyle@bakerlaw.com

Re: *Tanya Taylor v. Matrix Absence Management, et al.*
Case No.: 1:25-CV-01134

Dear Judge Stanton:

Pursuant to the Court's Individual Practices, Section 3, defendants, The Long Term Disability Income Plan for Employees of the Federal Reserve System (the "Plan") and Matrix Absence Management, Inc. ("Matrix") (collectively, "defendants"), hereby file this letter to request the Court's approval to file the claims file/administrative record under seal.

This is an action for benefits under a long-term disability plan (the "Plan") for eligible employees of the Federal Reserve Banks and the Board of Governors. While the Plan may not be governed strictly by ERISA, the Plan models long-term disability plans under ERISA. Accordingly, there is a claims file containing all relevant documents related to plaintiff's claim for long-term disability benefits under the Plan, a claims procedure, administrative process, and Plan standard of review.

While there is a presumption of public access to judicial documents, "court documents may be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Braxton v. City of New York*, 2021 WL 7287625, at *6 (S.D.N.Y. Dec. 7, 2021) (quoting *Dunham v. City of New York*, No. 11-CV-01223, 2021 WL 918373, at *1, n.1 (S.D.N.Y. Mar. 10, 2021)). "Courts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information." *Braxton*, at *6 (quoting *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021); *see also Paravas v. Tran*, No. 21-CV-807, 2022 WL 741590, at *1 (S.D.N.Y. Mar. 11, 2022) (noting plaintiff's medical records were "properly under seal").

The Honorable Louis L. Stanton
July 9, 2025
Page 2

The claims file totals more than 2,500 pages and contains the entirety of plaintiff Tanya Taylor's documents related to her claim for long-term disability benefits. The claims file contains sensitive and confidential information. Specifically, the claims file includes all the medical records Taylor provided as well as the clinical information that she submitted in support of her appeal to Matrix. In addition, the claims file frequently references plaintiff's personal identifiers, such as her date of birth and social security number, in her medical records. The claims file also contains communications between her, her counsel, and Matrix. Finally, Matrix's detailed denial letters, which specify exactly how it reached its determination and the medical documentation that it relied upon, are also in the claims file.

Accordingly, defendants respectfully request the Court's permission to maintain the claims file/administrative record under seal to protect the privacy interests of plaintiff. Defendants filed the claims file/administrative record contemporaneously with this request.

Counsel for defendants conferred with plaintiff's counsel on July 7, 2025, regarding this request. Plaintiff's counsel does not oppose this request.

*Granted*
*Louis L Stanton*
*7/9/25*

Respectfully submitted,

**BAKER & HOSTETLER LLP**

/s/ *Gregory V. Mersol*
Gregory V. Mersol
Lauren T. Stuy
Justin A. Guilfoyle